GOLDFARB v. GOLDMAN.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

1. EVIDENCE (§ 355*)—PRIVATE MEMORANDA—ADMISSIBILITY.

   A plaintiff, suing for the balance due for iron sold to defendant under a contract requiring payment on certificates of weight from a public weigher, who produced undated and unidentified scraps of paper with figures thereon in lead pencil, and who testified that they were given him by the man from the scales, but who did not show that the man was a public weigher, did not make the papers admissible as memoranda.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1444, 1484–1491; Dec. Dig. § 355.*]

2. SALES (§ 357*)—ACTION FOR PRICE—EVIDENCE.

   That a buyer of iron waived the requirement of the contract to pay on certificates of weight from the public weigher by making payments on account did not relieve the seller, suing for the price, from proving his case by competent evidence.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 511, 1044–1048; Dec. Dig. § 357.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Goldfarb against Joseph Goldman. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

George Wolf, of New York City, for appellant.

Henry H. Silver, of New York City, for respondent.

PAGE, J. This is an action for the balance due for certain iron alleged to have been sold and delivered by the plaintiff to the defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1, 2] The sixth clause of the contract between the parties read:

"First party [the defendant] is to pay second party for the aforesaid materials upon proper certificates of weight from a public weigher."

The plaintiff was the only witness called to establish his cause of action. He produced certain scraps of paper, bits of strawboard and cardboard, with figures upon them in lead pencil, which he testified were given him "by the man from the scales," or "the man who weighs the scales." There was no evidence that this man was a public weigher, nor was there any evidence showing who this man was. There are no dates upon the slips of paper, or anything to identify them in any way with the iron in question. This was not proper proof. The memoranda were not made by the witness. Even if we should concede plaintiff's contention that the defendant had waived the requirement of the contract for public weigher's certificates by making payments on account, still it was necessary to prove the case by competent evidence. The person who did the weighing should have been produced, and testified as to the weights, using these memoranda to refresh his recollection, if necessary.

The court refused to allow the defendant to show the amount he received by weights taken in his own yard, or at the train, treating these unidentified slips, that might have referred to anything other than defendant's iron, as indisputable evidence of facts testified to by an interested witness.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.